UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DASHAWN ELKERSON, | ) |
| | ) No. 20 CV 2897 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| SYNY LOGISTICS, INC., EDWARD SINITEAN, and OVIDIU ASTALUS, | ) |
| | ) October 31, 2022 |
| Defendants. | ) |

### MEMORANDUM OPINION and ORDER

Before the court are Plaintiff's motions *in limine* Nos. 1-3 and Defendants' motion *in limine* No. 1. For the following reasons, Plaintiff's Motion Nos. 1 and 3 and Defendants' Motion No. 1 are denied, and Plaintiff's Motion No. 2 is granted:

### Background

Plaintiff filed this action against Defendant transportation company SYNY Logistics, Inc ("SYNY"), SYNY's President Edward Sinitean, and SYNY's owner and CEO Ovidiu Astalus pursuant to the Surface Transportation Assistance Act ("STAA"), the Illinois Whistleblower Act ("IWA"), and Illinois common law. Plaintiff accuses Defendants of retaliating against him by firing him after he raised safety concerns. (R. 1, Compl.) Defendants answered in part by raising the failure to mitigate damages affirmative defense. (R. 34, Am. Answer.) Defendants then moved for summary judgment, (R. 35, Defs.' Mot. for Summ. J.), which the court denied, (R. 55, Mem. Op. at 1). A jury trial in this matter is scheduled to begin on December 12, 2022.

## Analysis

The court's authority to rule on motions *in limine* springs from its inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The purpose of such motions is to perform a "gatekeeping function and permit[] the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not to be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Accordingly, evidence may be excluded pursuant to a motion *in limine* only when it is inadmissible on all potential grounds. *See Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003). The moving party bears the burden of proving blanket inadmissibility. *See Mason v. City of Chi.*, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009). Absent such a showing, evidentiary rulings must be deferred until trial, where decisions can be informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole. *See Anglin v. Sears, Roebuck & Co.*, 139 F. Supp. 2d 914, 917 (N.D. Ill. 2001). "A pre-trial ruling denying a motion *in limine* does not automatically mean that all evidence contested in the motion will be admitted at trial." *Bruce v. City of Chi.*, No. 09 CV 4837, 2001 WL 3471074, at *1 (N.D. Ill. July 29, 2011). Rather, the court may revisit evidentiary rulings during trial as appropriate in its discretion. *See Luce*, 469 U.S. at 41-42.

A.     **Plaintiff's Motion No. 1**

This motion is denied. Plaintiff seeks to exclude any reference to his efforts to secure a new job after November 2019 because he only seeks lost wages for the period between his discharge and when he started working for another trucking company on November 15, 2019. (R. 74, Pl.'s Mot. No. 1 at 1.) Plaintiff argues that since he is not seeking wages after this date, information about his employment status after November 2019 is irrelevant under Federal Rules of Evidence 401 and 402, may lead to jury confusion, and may unduly prejudice him in violation of Rule 403. (Id.) Defendants oppose the motion, arguing that while Plaintiff's job efforts after November 2019 may not be relevant in the context of lost wages, this information is relevant to Plaintiff's claim that he suffered emotional and mental distress because he was terminated. (R. 81, Defs.' Resp. at 1.)

It is difficult for the court to determine the admissibility of such evidence without having heard Plaintiff's trial testimony. And the court agrees with Defendants that this post-November 2019 information could be helpful when assessing the degree of distress Plaintiff suffered when he was fired. As such, Plaintiff fails to show that evidence of his efforts to seek a new job after November 2019 is irrelevant as to all claims and issues, and the court therefore declines to deny Defendants the opportunity to inquire into this area at this time. *See Townsend*, 287 F. Supp. 2d at 872 (explaining that evidence should only be excluded if it is inadmissible on all grounds).

3

B. **Plaintiff's Motion No. 2**

This motion is granted. Plaintiff seeks to bar Defendants from asserting that independent contractors are not protected under the STAA or the IWA. (R. 75, Pl.'s Mot. No. 2 at 1.) In their response, Defendants agree that the STAA applies to independent contractors, but argue that the IWA does not. (R. 81, Defs.' Resp. at 3.) Under the law of the case doctrine, an issue of law that has been settled cannot be reconsidered at a subsequent stage in the same case absent exceptional circumstances. *See Napoli v. Sears, Roebuck & Co.*, 858 F. Supp. 101, 102 (N.D. Ill. 1994). When Defendants moved for summary judgment, this court ruled that both the STAA and the IWA apply to independent contractors. (R. 55, Mem. Op. at 3 n.2.) Although Defendants contend that the law of the case doctrine does not prevent Defendants from continuing to argue that the IWA does not apply to independent contractors, they did not develop this argument at the summary judgment stage, move for reconsideration in response to the court's summary judgment ruling, or offer any "compelling reason" that "makes clear that the earlier ruling was erroneous." *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008). As such, the court declines to reconsider or reverse its prior ruling on this question of law.

C. **Plaintiff's Motion No. 3**

This motion is denied. Plaintiff asks the court to bar Defendants from arguing that he did not refuse to transport the load on July 23, 2019, because Defendants answered: "SYNY admits that Plaintiff refused to transport a load."

4

(R. 76, Pl.'s Mot. No. 3 at 1.) But after Defendants filed their answer, (R. 15, Answer), they moved to correct that pleading, (R. 82, Mot. to Amend Answer) and the court granted the motion, (R. 85).

**D.     Defendants' Motion No. 1**

This motion is denied. The court is not convinced that any of the objected-to portions of Astalus's deposition testimony are so irrelevant, cumulative, confusing, or prejudicial that they warrant exclusion from trial at this time.

### 1.     Deposition Transcript Page 14:1-5

The disputed testimony explains that Astalus does not share profits from SYNY with anyone. (R. 77, Defs.' Mot. at 2.) This information speaks to the issue of whether Astalus maintains control over SYNY. (R. 80, Pl.'s Resp. at 2.) Although Defendants argue that this financial information would unduly prejudice the jury against them, the court disagrees because the subject testimony does not include any specific details about Astalus's or SYNY's finances. (R. 77, Defs.' Mot. at 4 & Ex. 1.) As such, Defendant has failed to show that this testimony is inadmissible on all grounds. *See Townsend*, 287 F. Supp. 2d at 872. Defendants are free to object at trial if Plaintiff uses this testimony in a way that violates Federal Rule of Evidence 403.

### 2.     Deposition Transcript Pages 55:9-20, 56:4-20, 57:9-23, 72:3-7, 115:12-22

The testimony reflected on these pages covers Defendants' reasons for firing Plaintiff. (R. 77, Defs.' Mot. at 2.) Astalus provided background and details of Defendants' account of Plaintiff's termination. (Id.) Defendants request that the

court preclude Plaintiff from offering the testimony in these sections because they are repetitive and will not provide any new or useful information. (Id.) However, Plaintiff explains why each objected-to portion of the deposition is relevant to his claims. (R. 80, Pl.'s Resp. at 3-4.) Accordingly, Defendants have failed to show that this testimony is inadmissible on all grounds. *See Townsend*, 287 F. Supp. 2d at 872. Defendants are free to re-raise their objection at trial as needed.

      **3.**      **Deposition Transcript Pages 86:7-25, 87:1-8**

The disputed testimony relates to Astalus's reaction to text messages Plaintiff and Ioan Chirila (SYNY's former dispatcher) exchanged. (R. 77, Defs.' Mot. at 3.) Defendants contend that this testimony should be excluded because Astalus cannot testify as to what Chirila meant when he sent his text messages. (Id.) Plaintiff asks, however, that he be allowed to offer this portion at trial because it speaks to the fact that Astalus approves of the way Chirila interacted with Plaintiff. (R. 80, Pl.'s Resp. at 5-6.) If the jury agrees with Plaintiff's claims, he posits that this testimony may be relevant to his request for punitive damages insofar as it shows that Defendants are likely to continue to engage in similar behavior. (Id. at 6.)

Defendants also express concerns that Astalus's comment about the ability of women will be introduced as prejudicial character evidence, which is barred under Federal Rule of Evidence 404. (R. 77, Defs.' Mot. at 3.) Plaintiff responds that such comment instead demonstrates that Defendants were dismissive of Plaintiff's safety concerns. (R. 80, Pl.'s Resp. at 6.) While this evidence could implicate Rule 404, the

6

court agrees with Plaintiff that it may be relevant to the jury's fact-finding mission. Defendants are free to object at trial if this information is introduced in a prejudicial manner, but the court will not exclude it preemptively.

### 4. Deposition Transcript Page 102:14-18

In this disputed portion, Astalus testified that it was possible the cargo assigned to Plaintiff displayed a hazardous materials placard. (R. 77, Defs.' Mot. at 4.) Defendants argue Plaintiff should not be allowed to use this statement at trial to support his claim that there was, in fact, a hazardous materials placard. (Id.) Plaintiff responds that he does not intend to use this evidence as dispositive of the fact question, but rather to support his claim that he had a reasonable belief the cargo was hazardous. (R. 80, Pl.'s Resp. at 6.) If this evidence is introduced at trial in a way that violates the Federal Rules of Evidence, Defendants may object. At this time, it is possible the disputed testimony will be offered for a sound reason and, as such, the court must not preclude it on a motion *in limine*. *See Townsend*, 287 F. Supp. 2d at 872.

## Conclusion

For the foregoing reasons, Plaintiff's Motion Nos. 1 and 3 and Defendants' Motion No. 1 are denied, but Plaintiff's Motion No. 2 is granted.

**ENTER:**

*[signature: Young B. Kim]*

**Young B. Kim**
**United States Magistrate Judge**

7